**UNITED STATES of America,**

v.

**Clarence M. GREEN, Jr., Appellant.**

No. 06–3435.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 27, 2007.

Filed: Oct. 31, 2007.

---

Robert L. Eberhardt, Kelly R. Labby, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Lisa B. Freeland, Office of Federal Public Defender, Pittsburgh, PA, for Appellant.

Before: AMBRO, JORDAN and ROTH, Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

Clarence Green appeals from the judgment of conviction entered against him by the United States District Court for the Western District of Pennsylvania. For the reasons that follow, we will affirm.

I

On July 22, 2004, Pittsburgh police officers observed Green engaging in what the officers described as a hand-to-hand drug sale. The officers pursued Green into a bar, where one officer observed Green placing a handgun on the floor of the bar's kitchen. The officers arrested Green, and, in addition to retrieving the handgun, they recovered cash, marijuana, and crack cocaine from Green's person. More marijuana was recovered from the console of

Green's car, and powder cocaine was found hidden in Green's underwear after he arrived at jail.

A Pittsburgh police detective, coincidentally named Green, was assigned to the firearm strike unit of the Bureau of Alcohol, Tobacco, and Firearms and became aware of the case against Green. After checking Green's prior criminal history and tracing the handgun recovered on July 22, Detective Green concluded that the case was appropriate for federal prosecution.

Meanwhile Green had failed to appear for a state court hearing, and the court had issued a bench warrant for his arrest. A federal arrest warrant also issued, after Green was indicted on federal drug and gun charges. Several months later, Detective Green learned that Green had been receiving medical treatment using his brother's name and social security number and that he had a doctor's appointment scheduled for February 2, 2005. Federal officers arrested him at that appointment and again found him carrying crack and powder cocaine.

Based on both the July and February arrests, Green was charged in a superseding six-count federal indictment for possession with intent to distribute crack and powder cocaine, use of a weapon during a drug trafficking crime, and being a felon in possession of a weapon. At his trial, Green testified that the drugs and gun had been planted on him by the Pittsburgh and federal officers. The jury found Green guilty on all six counts.

## II

Green argues that his conviction should be reversed because the District Court gave an incorrect jury instruction on reasonable doubt, admitted evidence of prior crimes contrary to Federal Rule of Evidence 404(b), and admitted evidence of a prior conviction contrary to Federal Rule of Evidence 609.

At trial, Green did not object to the instruction[1] or to the testimony at issue, so we review for plain error. *United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

> Under this standard, there must be an error that is plain and that affects substantial rights. An error is a deviation from a legal rule, and an error is plain if it is clear and obvious. Generally, an error affects substantial rights when it is prejudicial, i.e., it affected the outcome of the district court proceedings. Moreover, even if such an error is found, the court of appeals has the authority to order correction, but is not required to do so. We should exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Dragon*, 471 F.3d 501, 505 (3d Cir.2006) (internal citations and quotation marks omitted).

▪ First, Green argues that the District Court erred by instructing the jury that "[a] reasonable doubt means such a doubt which ... leaves a juror's mind so undecided that he or she feels constrained from saying a Defendant is guilty." When faced with a challenge to jury instructions, "we consider the totality of the instructions and not a particular sentence or paragraph in isolation. The issue is whether ... the charge as a whole fairly and adequately submits the issues in the case to the jury." *United States v. Thayer*, 201 F.3d 214, 221 (3d Cir.1999) (internal cita-

---

1. Contrary to Green's argument, the joint submission of a proposed instruction did not preserve his objection to the jury instruction. *See Jones v. United States*, 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999) ("Nor does a request for an instruction before the jury retires preserve an objection to the instruction actually given by the court.").

tions and quotation marks omitted). Here, the District Court's instruction, taken as a whole,[2] adequately explained the concept of reasonable doubt. Thus, there was no plain error.

■ Second, Green argues that the District Court erred by allowing Detective Green to testify that Green was a fugitive at the time of his February arrest, that Green had used his brother's name and social security number to obtain medical treatment, and that Green's criminal record and the trace on the gun made his case appropriate for federal prosecution. According to Green, that testimony was evidence of other crimes that was inadmissible under Federal Rule of Evidence 404(b). The government argues that that testimony provided necessary context to explain why federal officers arrested Green at his doctor's appointment on February 2. Thus, according to the government, Rule 404(b) does not apply because the testimony was not evidence of other crimes, but rather of events intrinsic to the charged offenses.

We have held that "acts are intrinsic when they directly prove the charged [offense]," but we have so far declined to decide

> whether "other acts" evidence that does not directly prove an element of the charged offense may be 'intrinsic' (and thus exempt from Rule 404(b)) if the other acts were "inextricably intertwined" with the events underlying the charge, so that the evidence is necessary for the jury to understand how the offense occurred or to comprehend crucial testimony.

*United States v. Cross,* 308 F.3d 308, 320 & n. 19 (3d Cir.2002). We need not decide the question here, because, even if allowing the challenged evidence was error, the error was not obvious and therefore does constitute not plain error.

■ Third, Green argues that a drug conviction from 1983 was used to impeach him in violation of Federal Rule of Evidence 609.[3] Because that conviction was more than ten years old, it was not admissible "unless the court determine[d], in the

2. The complete instruction on reasonable doubt was as follows:

> A reasonable doubt is a doubt which fairly arises out of all the evidence and is based upon reason. It is not a fanciful doubt or such a doubt as you might conjure up in your mind to escape the performance of an unpleasant task. You should not confuse the expression "beyond a reasonable doubt" with phrases—with the phrases "beyond all doubt" or "beyond a shadow of a doubt," because anything which depends on human testimony is open to some possible or imaginary doubt. Very little in this world can be proved by human testimony beyond all doubt, and the law does not impose that high a standard.
>
> A reasonable doubt means such a doubt which arises after a candid and impartial consideration of all the evidence and which leaves a juror's mind so undecided that he or she feels constrained from saying a Defendant is guilty. It is the kind of doubt that would cause you to hesitate to act in

> matters of the highest importance to you in your daily life. You should not find a Defendant guilty of a particular charge unless you are so convinced by the evidence that you would venture to act upon that conviction in matters of the highest importance in your own interests.
>
> After considering all of the evidence if you have a reasonable doubt, an honest reasonable doubt as to the Defendant's guilt, he is entitled to the benefit of that doubt and must be found not guilty. On the other hand, if all the elements of the charge have been established by the prosecution beyond a reasonable doubt, then it is your duty to find the Defendant guilty as to that charge.

(App. at 507–08.)

3. Green originally argued that testimony about a 1989 conviction was also improperly admitted, but he has now conceded that he cannot complain about that testimony because it was elicited by the defense in Green's direct examination.

interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially out-weigh[ed] its prejudicial effect." Fed. R.Evid. 609(b). We need not conduct that weighing here, because even if admitting the conviction was error, it did not, in light of the other evidence against Green, affect the outcome of the case.[4]

### III

In sum, because Green failed to object to the alleged errors he now complains about, our review is limited. Green has failed to demonstrate any error warranting reversal, and we will therefore affirm the judgment of the District Court.

---

**4.** Green argues that we must consider whether the alleged "other crimes" testimony and the 1983 conviction together affected the outcome of the case. As discussed above, however, we conclude that admitting the "other crimes" testimony would not have been obvious error, if it was error at all. Thus, we need not consider whether that testimony affected substantial rights, alone or in combination with the 1983 conviction.